THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROBERT RAYMOND RAETHKE,<br><br>                Petitioner,<br><br>    v.<br><br>JERI BOE,<br><br>                Respondent. | CASE NO. C19-0733-JCC-BAT<br><br>ORDER |

This matter comes before the Court on Petitioner Robert Raethke's objections (Dkt. No. 13) to the report and recommendation ("R&R") of the Honorable Brian A. Tsuchida, United State Magistrate Judge (Dkt. No 12). Having considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary, OVERRULES Petitioner's objections, and ADOPTS Judge Tsuchida's R&R for the reasons explained herein.

**I.    BACKGROUND[1]**

Petitioner Raethke is currently incarcerated at Clallam Bay Corrections Center. (Dkt. No. 4 at 1.) A jury found Mr. Raethke guilty of assault in the second degree with intent to commit indecent liberties. (Dkt. No. 12 at 2.) Mr. Raethke had prior convictions of first degree rape and

---

[1] The Court adopts the factual and procedural background recited in Judge Tsuchida's R&R, which is drawn from the record of the underlying state court proceedings. (*See* Dkt. No. 12.) As such, the Court cites to the R&R when making references to the state court proceedings.

attempted first degree rape. (*Id.*) Because of his past convictions, Mr. Raethke qualified as a persistent offender under Washington's "two strike" sentencing law, Wash. Rev. Code § 9.94A.030(38)(b). (Dkt. No. 12 at 8.) Due to this qualification, Mr. Raethke was sentenced to life imprisonment without the possibility of parole. (*Id.*)

Mr. Raethke appealed his conviction to the Washington State Court of Appeals. (Dkt. No. 4 at 2). The Court of Appeals affirmed the conviction. (*Id.*) His petition for review to the Washington State Supreme Court was denied. (*Id.*) Mr. Raethke filed this petition for habeas relief under 28 U.S.C. § 2254. (*Id.* at 1.)

Mr. Raethke makes four claims: (1) the trial court improperly instructed the jury regarding the reasonable doubt standard; (2) the "two strike" sentencing law violates his double jeopardy rights; (3) the trial court violated his due process and Sixth Amendment rights by classifying him as a persistent offender and sentencing him without a jury finding of his persistent offender status; and (4) there was insufficient evidence to sustain his conviction of second-degree assault with intent to commit indecent liberties. (*See* Dkt. No. 4-1.) Judge Tsuchida recommends the Court deny Mr. Raethke's habeas petition, deny an evidentiary hearing, decline to issue a certificate of appealability, and dismiss Mr. Raethke's claims with prejudice. (Dkt. No. 12.)

Mr. Raethke filed objections to Judge Tsuchida's R&R. (Dkt. No. 13.) He requests the Court reconsider trial testimony. (*Id.*) Mr. Raethke also asserts he has not had time to access the prison law library and he would like an attorney. (*Id.*)

## II. DISCUSSION

### A. Legal Standard

A federal court may not grant a state prisoner's habeas petition on the basis of any claim that was adjudicated on the merits by the state courts, unless the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "resulted

in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Under the "contrary to" clause, a federal court may grant a writ of habeas corpus only if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *See Williams v. Taylor*, 529 U.S. 362, 405–06 (2000). Under the "unreasonable application" clause, a federal court may grant a writ of habeas corpus only if the state court identifies the correct governing legal principle from the Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. *See id.* at 407–09.

In considering a habeas petition, a district court's review "is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 181–82 (2011). If a habeas petitioner challenges the determination of a factual issue by a state court, such determination shall be presumed correct, and the applicant has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

A district court reviews *de novo* those portions of an R&R to which a party objects. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Objections are required to enable the district judge to "focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985). General objections, or summaries of arguments previously presented, have the same effect as no objection at all, since the Court's attention is not focused on any specific issues for review. *See United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007).

### B. Petitioner's Objections

Mr. Raethke requests the Court to reconsider the trial testimony. Judge Tsuchida's R&R discusses in detail the trial testimony relating to Mr. Raethke's conviction of second degree assault with intent to commit indecent liberties. (Dkt. No. 12 at 16–18.). Mr. Raethke does not

explain why the R&R is mistaken; he merely states only that he hoped the trial testimony would prove his innocence. (Dkt. No. 13 at 2.) Without more, the Court finds the R&R persuasive that a rational finder of fact could conclude Mr. Raethke committed second degree assault with the intent to commit indecent liberties.

In addition, to his single objection to the merits of the R&R, Mr. Raethke offers two other complaints. First, he says he has not had access to the prison law library. Second, he says he needs an attorney to assist him with his petition.

Mr. Raethke's complaints regarding library access do not address any of the reasons Judge Tsuchida provided when he recommended denying Mr. Raethke's habeas petition. It also appears that Mr. Raethke did have access to the law library during the time his objections were due. Mr. Raethke's objections were due October 3, 2019. He asserted that he would not have access to the law library until September 29, 2019, through October 5, 2019. Therefore, Mr. Raethke did have access to the law library and has not supplemented his objections. The Court does not find this complaint meritorious.

Concerning the lack of an attorney, § 2254 habeas petitions only provide counsel in limited circumstances. 28 U.S.C. § 2254(h). Mr. Raethke has already applied for and has been denied legal counsel. (Dkt. No. 7.) While a court may appoint counsel "if the interests of justice so require," *Weygandt v. Look*, 715 F.2d 952, 954 (9th Cir. 1983), Mr. Raethke has not provided the Court a reason to appoint counsel that Judge Tsuchida has not already considered.

Therefore, the Court agrees with the conclusions of Judge Tsuchida's R&R, and Mr. Raethke's objections do not indicate any reason for departing from that conclusion.

**C.     Certificate of Appealability**

A petitioner seeking a certificate of appealability must demonstrate a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). To satisfy this standard, the petitioner must demonstrate either that reasonable jurists could disagree with the district court's treatment of the constitutional claims or "the issues presented were 'adequate to deserve

encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Judge Tsuchida concluded that Mr. Raethke is not entitled to a certificate of appealability with respect to any of his claims. (Dkt. No. 15 at 18.) Mr. Raethke did not specifically object to this conclusion, and the Court agrees that a certificate of appealability is not warranted.

### III. CONCLUSION

For the foregoing reasons, it is ORDERED that:

(1) The Report and Recommendation (Dkt. No. 12) is ADOPTED;

(2) Petitioner's objections (Dkt. No. 13) are OVERRULED;

(3) Petitioner's habeas petition (Dkt. No. 4) is DENIED and the petition is DISMISSED with prejudice;

(4) Petitioner is DENIED issuance of a certificate of appealability; and

(5) The Clerk is DIRECTED to send copies of this order to Petitioner and to Judge Tsuchida.

DATED this 29th day of October 2019.

John C. Coughenour
UNITED STATES DISTRICT JUDGE